IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEBORAH BARONE, | § | CIVIL ACTION NO. 4:20-CV-03950 |
| Plaintiff, | § | |
| | § | |
| v. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| JOHNSON & JOHNSON and ETHICON INC. | § | |
| | § | |
| Defendants. | § | JURY DEMANDED |

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO BIFURCATE TRIAL

Did Plaintiff's action accrue before October 19, 2012 (i.e., two years before she filed suit)? The Court can answer that question as a matter of law—or a jury can.

Rule 42(b) authorizes a separate trial to further convenience, avoid prejudice, and maximize efficiency. As the Fifth Circuit has explained, courts enjoy discretion in ordering bifurcation under Rule 42(b) when doing so furthers judicial economy. *E.g., Malin Int'l Ship Repair & Drydock, Inc. v. Veolia Es Special Servs., Inc.*, 369 F. App'x 553, 555 (5th Cir. 2010) (affirming district court's order granting a bifurcated trial); *Lindsey v. Prive Corp.*, 161 F.3d 886, 892 (5th Cir. 1998) ("Bifurcation is appropriate where convenient, economical, or necessary to avoid prejudice."). District courts in Texas are in accord. *See, e.g., Travelers Lloyds Ins. Co. v. Sherwin-Williams Co.*, No. CC-08-251, 2010 WL 4735815, at *1 (S.D.Tex. Nov. 15, 2010) (bifurcation was appropriate to expedite resolution); *see also Sanchez v. Gomez*, No. EP-17-CV-133-PRM, 2020 WL 919160, at *1

(W.D.Tex. Feb. 26, 2020) (avoiding prejudice alone justified bifurcation); *Gauthreaux v. Baylor Univ. Med. Ctr.*, 876 F.Supp. 847, 848 (N.D.Tex. June 2, 1994) (bifurcating liability and damages was "conducive to expedition and economy"). And district courts across the country overseeing pelvic mesh cases—like this one—have recognized that a separate trial limited to the statute of limitations achieves the purposes embodied in Rule 42(b). *McBroom v. Ethicon, Inc.,* No. 2:20-cv-02127-PHX-DGC, 2021 WL 2661463 (D.Ariz. June 29, 2021); Ex. G, Order Granting Mot. to Bifurcate at 2n.1, *Crissman v. Ethicon, Inc*., No. 2:20-cv-5426-SB-PLA (C.D.Cal. June 5, 2021); Ex. H, Tr. of Proceedings Mot. to Bifurcate at 16:9-13, *Gardner v. Ethicon, et al.*, No.4:20-cv-00067 (D.S.C. Sept. 15, 2020); *Heinrich v. Ethicon, Inc*., No.2:20-cv-166-APG-VCF, 2021WL 2801961 at *1 (D.Nev. Apr. 15, 2021). Plaintiff discusses the laws of other states at length, but that is irrelevant. The question of a separate trial is governed by Rule 42(b). State law only matters in providing the jury with proper instructions.

*McBroom* is particularly instructive. Just last week, the court held a separate jury trial on the statute of limitations. Start to finish, it lasted **two business days**. *See* Ex. I, ECF Nos. 130, 133, Judge's Civil Min., *McBroom*, No. 2:20-cv-02127-PHX-DGC (D.Ariz. Sept. 13-14, 2021). *McBroom* is a prime example of how conducting a separate trial on the statute of limitations maximizes efficiency. The same procedure, should this case survive summary judgment, is appropriate here.

A. **Bifurcation maximizes efficiency.**

Plaintiff argues at length about the discovery rule and attempts to add an extra "wrongdoing" element—but the Fifth Circuit has rejected this very argument. *Timberlake*

*v. A.H. Robins Co., Inc.,* 727 F.2d 1363, 1365 (5th Cir. 1984) (the limitations period commences "upon the plaintiff's discovery of the injury or its cause. [No case] implies that the statutory period should be tolled until the plaintiff learns that the defendant's conduct may have been wrongful."); *Porterfield v. Ethicon, Inc.*, 183 F.3d 464, 467 (5th Cir. 1999) ("A cause of action accrues when the legal wrong is completed and the plaintiff is entitled to commence suit, even if the party is unaware of the wrong."); *In re Mentor Corp. Obtape Transobturator Sling Prod. Liab. Litig.*, No. 2004, 2016 WL 1493534, at *4 (M.D.Ga. Apr. 14, 2016) (applying Texas law; "Plaintiffs latch on to dicta in *Childs* that states that accrual is tolled until the plaintiff discovers that her injury 'was likely caused by the *wrongful* acts of another.' . . .Plaintiffs interpret this language to mean that their claims did not accrue when they learned of a causal connection between the product and their injuries, but when they learned that Mentor's 'wrongful act' caused their injury. The Court finds this argument unpersuasive.").

The only issue the jury will determine is when *Plaintiff* was on notice—or should have been—that her alleged injuries were related to her mesh. This requires only fact testimony from Plaintiff and relevant treating physicians: Drs. Melvin Anhalt, Christina Pramudji and Pinky Ronen, as well as limited medical records.

Although Plaintiff says she needs "scientific testimony by sophisticated experts" and evidence reflecting "why the design and distribution of the vaginal mesh devices is alleged to have been bad in the first place" that is just not so. Plaintiff cites no authority to suggest she needs expert (as opposed to fact) witness testimony to determine when *she* knew, or should have known, she had a claim.

3

Plaintiff further contends that a separate trial will lead to duplication of evidence. The *McBroom* court—among several others—rejected the same assertion: there, like here, the plaintiff's argument that "bifurcation would result in duplication of multiple witnesses, duplication of the presentation of extensive documentary evidence, and would waste money, time, and judicial resources" was a significant overestimation of the scope of a statute of limitations trial. *McBroom,* 2021 WL 2661463 at *6; Ex.G, *Crissman* Order at 2n.1 (rejecting plaintiff's duplication argument because "the time and resources potentially saved by bifurcation overwhelmingly favor granting the motion"). A leading case on this is *Adams*, finding bifurcation appropriate to reduce "a potentially weeks-long trial" to "a matter of days." ECF 155-1, Ex. F, *Adams* Order at 2-3. The *Heinrich* court described the benefits of a bifurcated trial:

> The statute of limitations defense could be dispositive, and a trial on that issue will be far shorter than a trial on the merits. While there may be some overlap of testimony and evidence between the two trials, it will not be significant. And bifurcation avoids the prejudice to the defendants of having to argue seemingly conflicting positions to the jury, while imposing no prejudice upon the plaintiffs. A separate, preliminary trial on the limitations defense will promote judicial economy, avoid jury confusion of the issues, and prevent possible undue prejudice.

*Heinrich.*, 2021 WL 2801961 at *1.

With a separate trial, there will be no need to present the jury with evidence on issues such as product development. As *Gardner* recognized, "[l]ogically, the number of exhibits for a statute-of-limitations-only trial would similarly decrease from over 1,000 to several dozen. A trial projected to last ten days becomes one that would last probably three days." Ex.H, *Gardner* Tr. at 16:9-1. Thus, there would not be significant overlap in the

4

evidence presented during the separate trials, nor would separate juries need to resolve issues reserved for the other jury. *Id*. at 17:11–16. Contrary to Plaintiff's argument that a separate trial will be a "pointless waste" of time, if the first jury decides Plaintiff's action is not time-barred, the second jury will be saved from hearing evidence about accrual—allowing that jury to devote its efforts to substantive claims and defenses.

      **B.    Bifurcation avoids undue prejudice.**

Whether at a separate trial or a "full" trial on the merits, Plaintiff must prevail against the statute of limitations. A separate trial benefits Plaintiff as it will substantially reduce the direct and cross examination testimony of key witnesses (such as Plaintiff and her surgeons; Plaintiff's and Defendants' experts and company witnesses will not be needed). *See State Farm Fire & Cas Co v. Woods*, 896 F.Supp. 658, 660 (E.D.Tex. 1995) ("Bifurcation is the wisest course" when the opposing party has "not identified any prejudice that will come to him from bifurcation" and the movant "has made convincing assertions of prejudice.").

Further, a separate trial on the statute of limitation versus liability/damages will not violate Plaintiff's Seventh Amendment rights or impede on her right to a fair and impartial jury. There is no violation where "evidence. . .may overlap in some respects, [but] the second jury will not be asked to reexamine the facts decided by the first jury." Ex.H, *Gardner* Tr. at 17:14–16; *see also* ECF 155-1, Ex. F, *Adams* Order at 3. Similarly, if a second trial is required in this case, both trials will deal with separate issues: (1) when Plaintiff's awareness of her injuries triggered accrual, and (2) whether Ethicon is liable for Plaintiff's alleged injuries. There will not be significant overlap in the evidence because

the first trial focuses on Plaintiff's knowledge (or what she should have known), while the second trial would focus on Plaintiff's proof that an alleged defect caused injury.

A separate trial avoids prejudice to Defendants caused by the admission of evidence on unrelated issues in a single trial. *See* Fed. R. Civ.P. 42(b); *e.g.*, *E.I. Du Pont de Nemours v. Berkley & Co.*, 620 F.2d 1247, 1273 (8th Cir. 1980) (affirming decision to bifurcate to "avoid the effect of evidence relevant to one issue spilling over and coloring evidence in the other portion of the case") (citation omitted). Bifurcation will protect Defendants from the prejudice inherent in proving that Plaintiff knew or should have known the alleged cause of her injuries while also proving that its product did not cause her injuries. *Heinrich* similarly recognized this prejudice as a consideration for bifurcation. *Heinrich*, 2021 WL 2801961 at *1 ("[B]ifurcation avoids the prejudice to the defendants of having to argue seemingly conflicting positions to the jury, while imposing no prejudice upon the plaintiffs."); Ex.H, *Gardner* Tr. at 16:15-17, 16:22-23 ("the Court finds that if it were to decline to bifurcate, Defendants would be in a position to have to argue seemingly contradictory positions to the jury…These seemingly contradictory positions could confuse the jury and result in prejudice to Defendants."). In *Adams*, the court found a *non*-bifurcated trial would prejudice the defendants:

> [T]he defendants will suffer prejudice if the court does not bifurcate because they will be forced to argue to the same jury that Mrs. Adams knew or reasonably should have known by January 30, 2015 that she was injured and that another entity had caused her injury, but that the Zimmer implant did not actually cause her injury. These two conflicting contentions will confuse the jury and lead to potential prejudice to the defendants.

6

ECF 155-1, Ex. F, *Adams* Order at 2. There is no comparable prejudice to Plaintiff: "bifurcated trials will not force [plaintiff] to present two completely opposite arguments to the jury in a manner that would erode credibility and coherence, as an unbifurcated trial will compel the defendants to do." *See id*.

Without bifurcation, the statute of limitations defense requires Ethicon to present arguments that, to a lay juror, may conflict with the defense of its product on the merits. *Heinrich,* 2021 WL 2801961 at *1 ("[B]ifurcation will avoid prejudice to the defendants in how they present their case to the jury."). It would be challenging for a jury to remain focused and objective on the limited issue of when Plaintiff had knowledge to trigger the limitations period if the trial is not bifurcated. If the jury is inundated with evidence concerning Ethicon's process by which it developed and marketed its products and the complex scientific, medical, and technical data relating to safety, jurors will find it difficult to distinguish the limited evidence needed to resolve the statute of limitations issue separately and fairly. If the jurors are bombarded at trial with allegations of malicious conduct and the alleged dangerous nature of Ethicon's product, jurors could easily lose their objectivity and disregard the dispositive timeliness issue altogether. *See In re Laurel Valley Oil Co.*, No. 12-6014, 2014 WL 739126, at *3 (N.D. Ohio Feb. 26, 2014) ("Bifurcation to avoid prejudice may occur in jury trials where the court is sufficiently concerned that a jury's reaction to evidence in support of one claim may unduly prejudice the jury's view of a separate claim."). Because Ethicon's statute of limitations defense has merit, should the Court not rule as a matter of law, Rule 42(b) provides the perfect remedy.

Bifurcating the statute of limitations promotes all the objectives of the rule with little to no countervailing concern.

A separate trial addressing the statute of limitations promotes efficiency and avoids prejudice. That should end the inquiry. Defendants request an order scheduling a preliminary trial on the statute-of-limitations issue prior to the trial on Plaintiff's substantive claims.

Respectfully submitted,

Dated: September 20, 2021   By:   */s/ Christopher Cowan*
Christopher Cowan *(attorney in charge)*
Texas State Bar No. 24084975
U.S. S.D. of Texas Bar No. 2303239
Chris.Cowan@butlersnow.com
Jordan Jarreau
Texas State Bar No. 24110049
U.S. S.D. of Texas Bar No. 332327
Jordan.Jarreau@butlersnow.com
Butler Snow LLP
1400 Lavaca St., Ste. 1000
Austin, TX 78701
P: (737) 802-1800
F: (737) 802-1801

and

Pamela L. Ferrell *(pro hac vice)*
Georgia Bar No. 569713
Pamela.Ferrell@butlersnow.com
Butler Snow LLP
1170 Peachtree St. NE, Suite 1900
Atlanta, GA 30309
P: (678) 515-5000
F: (678) 515-5001

*Attorney for Defendants Johnson & Johnson, and Ethicon, Inc.*

## CERTIFICATE OF WORD COUNT

I hereby certify that the word processor states this Reply in support of the Motion to Bifurcate is 1,996 words, not including the case caption, signature block, and certificates.

/s/ *Christopher Cowan*
Christopher Cowan

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, causing a notification of the filings to all counsel of record.

/s/ *Christopher Cowan*
Christopher Cowan