UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEBORAH BARONE, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:20-cv-03950 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| ETHICON INC and | § | |
| JOHNSON & | § | |
| JOHNSON, | § | |
| Defendants. | § | |

## ORDER

The motion by Defendants Ethicon Inc and Johnson & Johnson for leave to file a supplemental motion for summary judgment based on the statute of limitations is denied. Dkt 136.

This action has undergone extensive litigation. It originated in 2012 in the Southern District of West Virginia as part of multidistrict litigation (MDL) regarding product liability claims with respect to a pelvic-repair system. Dkts 1 & 103-1. The parties conducted extensive discovery before that court, and two dispositive motion deadlines have passed. Dkt 143 at 10.

Defendants filed a timely motion for partial summary judgment on August 8, 2017, which didn't include any argument related to a limitations defense. Dkts 57–58. Defendants also didn't move for summary judgment on limitations after Barone opted out of settlement and this case was placed back on the "Wave 12" MDL active docket with a new dispositive motion deadline of November 1, 2019. Dkt 76.

The case was then transferred to this Court on November 20, 2020. Dkt 117. The parties were ordered to "confer and file a joint status report or stipulation" as to what issues remained in the still-pending motion for partial summary judgment. Minute

Entry of 03/04 2021. In response, the parties entered a joint stipulation of dismissal with prejudice on several of Barone's claims and acknowledged that the stipulation "fully addresse[d] the relief sought by Defendants' pending motion for summary judgment." Dkt 134 at 2.

Defendants now seek leave to file a supplemental motion for summary judgment based on the statute of limitations. Dkt 136. Plaintiff Deborah Barone responded, and Defendants replied. Dkts 143 & 146.

Rule 16(b) of the Federal Rules of Civil Procedure governs scheduling orders. Rule 16(b)(3) states, "The scheduling order must limit the time to . . . file motions." And once a scheduling order has been entered, Rule 16(b)(4) provides that it "may be modified only for good cause and with the judge's consent." A respected treatise on federal procedure likewise notes that "any scheduling order issued under Rule 16(b) and the timetable it establishes will be binding." Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.2 (West 3d ed April 2021 Update).

"The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enterprises LLC v Southtrust Bank of Alabama NA*, 315 F3d 533, 535 (5th Cir 2003), quoting Wright & Miller, *Federal Practice & Procedure* § 1522.1 (2d ed 1990). Four factors further pertain to this analysis:

- *First,* the explanation for the failure to timely move for leave to amend;
- *Second,* the importance of the amendment;
- *Third,* potential prejudice in allowing the amendment; and
- *Fourth,* the availability of a continuance to cure such prejudice.

*Innova Hospital San Antonio Ltd Partnership v Blue Cross & Blue Shield of Georgia Inc*, 892 F3d 719, 735 (5th Cir 2018) (citations omitted).

As to the first factor, the only justification offered for Defendants' failure to timely move for summary judgment on

this issue is "the large volume of cases" in the MDL. Dkt 136 at 1. But they don't specify how the number of cases in the MDL impeded their ability to move for summary judgment on the statute of limitations before either of the dispositive motion deadlines. And regardless, the explanation (if anything) only serves to indicate that Defendants didn't devote the necessary resources to the MDL proceedings.

The failure to give sufficient explanation is dispositive here. As such, Defendants fail to show good cause to modify the deadlines in the scheduling order. Other cases from the same MDL with nearly identical procedural postures have also reached a similar conclusion. For example, see *Estrada v Ethicon Inc*, 4:20-cv-00313, Dkt 60 (SD Tex) (Rosenthal, CJ).

The motion by Defendants for leave to file a supplemental motion for summary judgment is DENIED. Dkt 136.

SO ORDERED.

Signed on October 7, 2021, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge